IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**Josh Willett,**

    **Plaintiff,**

    **v.**                                        Case No. 17-CV-2472-JAR-GLR

**Ally Bank, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Stay Consideration of Defendant McLarty NLRVW, LLC's Motion to Compel Arbitration [Doc. 6] and Compel Expedited Discovery.[1] Specifically, Plaintiff requests the Court enter an order to stay consideration of Defendant McLarty's Motion to Compel Arbitration and compel Defendant McLarty to produce a complete copy of all documents signed by Plaintiff. For the reasons set forth below, the Court denies the motion.

On September 8, 2017, Defendant McLarty filed a Motion to Compel Arbitration of Plaintiff's Claims and Stay Proceedings.[2] Defendant McLarty attached a copy of the arbitration agreement and the vehicle buyer's order to its motion.[3] In response to Defendant McLarty's motion, Plaintiff filed the motion before the Court. Plaintiff claims he was unaware of any arbitration agreement between himself and Defendant McLarty, and that he was not provided a copy of any arbitration clause. Defendant McLarty has responded that there is only one arbitration agreement (attached to its Motion to Compel), and that Plaintiff has been provided a

---

[1] ECF 12.
[2] ECF 6.
[3] ECF 6-1, 6-2.

copy of it.[4] In his reply memorandum Plaintiff cites another D. Kan. case, *Cavlovic v. J.C. Penney Corp.*, 17-CV-2042-JAR-TJJ.[5] He argues that because this Court allowed limited discovery in *Cavlovic*, it should also allow limited discovery here.

"The general policy in this district is not to stay discovery even though dispositive motions are pending."[6] However, there are exceptions to this general policy, including "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[7]

The Court finds discovery would be wasteful and burdensome here. Plaintiff has cited no basis for his suggestion that any additional arbitration agreements exist. He simply notes that "frequently" dealerships "force consumers to sign multiple different arbitration provisions" and speculates that Defendant McLarty "may have omitted one or more documents" in this case.[8]

This situation is also distinguishable from *Cavlovic*. There it was established that multiple arbitration agreements existed, and the parties disputed which agreement was controlling. In this case there is no evidence before the Court that any additional arbitration agreement exists. Plaintiff would simply like to conduct discovery to determine if there may be any other agreements, despite Defendant McLarty's assurance to Plaintiff and the Court that there are not.

The Court finds that "protecting the resources of the parties and the judiciary" outweighs Plaintiff's proposal to conduct discovery before Defendant McLarty's Motion to Compel

---

[4] ECF 13.
[5] ECF 14.
[6] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan.1990)).
[7] *Id.*
[8] ECF 12.

Arbitration of Plaintiff's Claims and Stay Proceedings is resolved.[9] Allowing discovery would require Defendant McLarty "to expend resources on litigation activities that it sought to avoid when it included an arbitration clause in the dealership agreement."[10]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Stay Consideration of Defendant McLarty NLRVW, LLC's Motion to Compel Arbitration [Doc. 6] and Compel Expedited Discovery (ECF 12) is **denied**.

Dated December 26, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[9] *Roadbuilders Mach. Supply Co. v. Sennebogen, Inc.*, 2012 WL 1253265, at *2 (D. Kan. Apr. 13, 2012).
[10] *Id.*