IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSH WILLETT,<br><br>**Plaintiff,**<br><br>v.<br><br>ALLY BANK, and MCLARTY NLRVW, LLC d/b/a MCLARTY MAZDA,<br><br>**Defendants.** | Case No. 17-2472-JAR-GLR |

## MEMORANDUM AND ORDER

Plaintiff Josh Willett brings this action asserting various state law claims based on alleged misrepresentations by Defendant McLarty NLRVW, LLC, d/b/a McLarty Mazda ("McLarty Mazda") in the course of selling Plaintiff a vehicle. He also asserts a claim against Ally Bank under the Federal Trade Commission's "Holder Rule." Before the Court is Defendant McLarty Mazda's Motion to Compel Arbitration and to Stay this Action (Doc. 12). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants Defendant's motion to compel arbitration and stays these proceedings.

**I.    Background**

According to Plaintiff's Complaint, on or about October 27, 2016, Plaintiff Josh Willett was at Providence Medical Center in Kansas City, Kansas, when he found an advertisement for a 2013 Lexus GS 350 ("the Lexus") on www.cars.com, being sold by Defendant McLarty Mazda, which is located Arkansas. The advertisement represented that the vehicle was a certified preowned Lexus, which included certain warranties and services. Plaintiff contacted the dealer, and its Vice President of Sales, Mark Bartlett, assured Plaintiff that the Lexus was in fact a certified preowned vehicle, and that the representations in the advertisement were accurate. The

parties negotiated by phone, and Plaintiff ultimately agreed to purchase the Lexus and trade in his own vehicle. The parties agreed to meet halfway between the dealership and Kansas City to finalize the sale.

When Plaintiff was presented with the contract by Mr. Bartlett, he noticed several discrepancies between it and representations made in the advertisement and by Mr. Bartlett on the phone. Nonetheless, after Mr. Bartlett pointed him to a Lexus Certified sticker on the vehicle, Plaintiff signed the paperwork and completed the sale. This paperwork included an Arbitration Agreement, which was incorporated into the final sale contract.[1] The Arbitration Agreement provides in part that "Either you or we may choose to have any dispute between us decided by arbitration and not in court or by jury trial."[2] It also provides:

> You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction unless such action is transferred, removed or appealed to a different court. Furthermore, neither party is precluded from filing a complaint with the Office of the Attorney General of the State or from participating in a mediation program administered by the Attorney General or Better Business Bureau. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief.[3]

Plaintiff later learned that the vehicle was not in fact certified, and that necessary repairs were not covered by any warranty that applied to the vehicle. He filed this action seeking damages against McLarty Mazda for (1) violation of the Kansas Consumer Protection Act ("KCPA"); (2) fraud; and (3) breach of the implied warranty of merchantability. Plaintiff also

---

[1] Docs. 6-1, 6-2.
[2] Doc. 6-1 ¶ 1.
[3] *Id.* at 1.

seeks relief from Defendant Ally Bank on the basis that as holder of Plaintiff's consumer credit contract, it is subject to Plaintiff's claims against the dealer under 16 C.F.R. § 433.

**II.    Discussion**

While the interpretation of contracts—including arbitration agreements—is generally a matter of state law, the Federal Arbitration Act ("FAA") imposes certain rules beyond those normally found in state contract law.[4]  The FAA applies to written arbitration agreements in any contract "evidencing a transaction involving commerce."[5]  Congress designed the FAA "to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate" and, by enacting the FAA, created "a liberal federal policy favoring arbitration agreements."[6]  Under the FAA, a court should compel arbitration if it finds that (1) a valid arbitration agreement exists between the parties, and (2) the dispute before it falls within the scope of the agreement.[7]

"If a contract contains an arbitration clause, a presumption of arbitrability arises, particularly if the clause in question contains . . . broad and sweeping language."[8]  However, the presumption of arbitrability disappears when the parties dispute whether there is a valid and enforceable arbitration agreement in the first place.[9]  Whether a party agreed to arbitration is a contract issue, which means that arbitration clauses are only valid if the parties

---

[4]*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681 (2010) (citing *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 629–30 (2009); *Perry v. Thomas*, 482 U.S. 483, 493 n.9 (1987); *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)).

[5]9 U.S.C. § 2.

[6]*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

[7]9 U.S.C. §§ 2–3.

[8]*ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995); *see also Bellman v. i3Carbon, LLC*, 563 F. App'x 608, 613 (10th Cir. 2014).

[9]*Bellman*, 563 F. App'x at 613 (citing *Dumais v. Am. Golf Corp.*, 299 F.3d 1216, 1220 (10th Cir. 2002); *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th Cir.1998)).

intended to arbitrate.[10]  No party can be compelled to submit a dispute to arbitration without having previously agreed to so submit.[11]  Courts apply state-law principles in deciding whether parties agreed to arbitrate.[12]  Here, Plaintiff maintains that Arkansas law applies to deciding whether the parties agreed to arbitrate because Arkansas is where the "last act necessary" to form the contract occurred.  Defendant does not dispute that Arkansas law applies, therefore the Court applies Arkansas law.

Under Arkansas law, the essential elements of a contract claim are "(1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligation."[13]  Plaintiff argues that the Arbitration Agreement is invalid because there was no mutuality of obligation at the time of contract formation.  Plaintiff argues that because one party to the contract can compel arbitration of the other party's claims and still have the option to choose an alternative remedy outside of arbitration, the contract lacks mutuality under Arkansas law.  He argues that while Defendant can exercise alternative remedies like self-help repossession, or obtaining a deficiency balance, Plaintiff has no equivalent option other than arbitration.

The Court disagrees with Plaintiff's reading of the arbitration agreement and finds that it is valid.  It is true that Arkansas courts invalidate arbitration agreements for lack of mutuality "where one party uses an arbitration agreement to shield itself from litigation, while reserving to itself the ability to pursue relief through the court system."[14]  But the contract language in this

---

[10]*Ragab v. Howard*, 841 F.3d 1134, 1137 (10th Cir. 2016) (citing *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).

[11] *Id.*

[12]*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

[13]*Bank of Ozarks v. Walker*, 487 S.W.3d 808, 810 (Ark. 2016).

[14]*Independence Cty. v. City of Clarksville*, 386 S.W.3d 395, 399 (Ark. 2012).

case does not contain such language.  As the Arkansas Court of Appeals' decision in *Hamilton v. Ford Motor Credit Co.*,[15] points out, where an arbitration agreement "provides each party with an unbridled right to arbitrate certain issues, while preserving the right for either party to litigate certain other issues," mutuality is not destroyed.[16]

Under the terms of this Arbitration Agreement, Plaintiff may seek remedies in small claims court and from the Office of the Attorney General and/or the Better Business Bureau.  In addition, Plaintiff does not waive any right to arbitration by filing an action to recover the vehicle, for example, in the event of a wrongful repossession, or by filing for individual injunctive relief in any number of exemplary circumstances.  Although the anti-waiver provision of the Arbitration Agreement does not reserve these remedies for either party, it grants both parties the protection from the argument of waiver in the event either party utilizes the listed remedies.  Lastly, just like the arbitration agreement in *Hamilton*, every remedy or right that is reserved in the arbitration agreement is mutually reserved or granted to both Plaintiff and Defendant, so each party has a right to arbitrate certain issues, while preserving the right for either party to litigate certain other issues.  As such, this Arbitration Agreement was formed with mutual promises and obligations, and is therefore a valid contract under Arkansas law.

As described above, the Court has found that a valid agreement exists to arbitrate this dispute.  And there is no dispute that the claims alleged by Plaintiff in this matter fall within the scope of the Arbitration Agreement.  Therefore, under the FAA, the Court must stay this matter and compel arbitration.

---

[15] 257 S.W.3d 566 (Ark. Ct. App. 2007).
[16] *Id.* at 570.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Compel Arbitration and to Stay this Action (Doc. 6) is **granted**. This case is hereby stayed pending arbitration. The parties shall file a status report no later than September 4, 2018, advising the Court whether the arbitration proceeding is ongoing, and whether a date has been set for the proceeding.

**IT IS SO ORDERED.**

Dated: March 26, 2018

                                                    S/ Julie A. Robinson
                                                    JULIE A. ROBINSON
                                                    CHIEF UNITED STATES DISTRICT JUDGE